UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERISE B.,<br><br>                    Plaintiff,<br><br>        v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. 3:22-cv-05709-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

I.     ISSUES FOR REVIEW

A.  Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony

B.  Whether the ALJ Properly Evaluated Medical Opinion Evidence

C.  Whether the ALJ's RFC Determination Was Supported by Substantial Evidence

II.     BACKGROUND

Plaintiff protectively filed her application for SSI on December 6, 2017, alleging a disability onset date of December 6, 2017. Administrative Record ("AR") 71, 84. After

1   plaintiff's application was denied initially and on reconsideration, ALJ Richard Gleib held

2   a hearing in September 2019 and issued a decision finding plaintiff not disabled. AR

3   32–69, 81, 98, 542–75. Based on the stipulation of the parties, this Court reversed the

4   ALJ's decision and remanded for further proceedings. AR 608–09. ALJ Geib held a

5   second hearing on remand in December 2021 and issued another decision in February

6   2022, again finding plaintiff not disabled. AR 542–75, 617–41. Plaintiff now seeks

7   judicial review of the ALJ's February 2022 decision.

8                          III.    STANDARD OF REVIEW

9          Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

10  denial of Social Security benefits if the ALJ's findings are based on legal error or not

11  supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874

12  F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

13  reasonable mind might accept as adequate to support a conclusion." *Biestek v.*

14  *Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

15                          IV.    DISCUSSION

16         In this case, the ALJ found that plaintiff had the following severe medically

17  determinable impairments: thyroid disorder; affective disorder; posttraumatic stress

18  disorder (PTSD); personality disorder; lumbar spine condition; and cervical spine

19  condition. AR 623. Relying on vocational expert ("VE") testimony, the ALJ found at step

20  four that plaintiff could not perform her past relevant work, but could perform other light,

21  unskilled jobs at step five of the sequential evaluation; therefore, the ALJ determined at

22  step five that plaintiff was not disabled. AR 634–35.

23  ///

24

25                                            2

A. Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony

Plaintiff contends the ALJ erred in discounting her subjective symptom testimony. Dkt. 10, at 5–8.

Plaintiff testified to having pain in her lower back and neck pain due to her history of domestic violence. AR 553–57. She stated she is currently unable to walk for more than a mile because walking aggravates her back, though she could walk one to three miles the year before. AR 564–65. Plaintiff also testified that due to the damage in her neck, she has difficulties using her hands. AR 553–57. She stated her hands go numb and her wrists ache, and as a result, she cannot lift a gallon of milk, hold a pencil, write, or even turn pages of a book. *See* AR 554–56. She explained these difficulties with her hands usually occur at least two days every month. AR 555.

Plaintiff stated she attends physical therapy and receives injections for her symptoms, but does not find physical therapy as helpful because certain exercises remind her of her history with domestic violence. AR 558. Plaintiff also testified to having trauma disorder, and as a result, disassociates often and has anxiety. AR 559. She explained she has been struggling with her mental health more than once a day for the last several years. AR 560. Plaintiff stated she currently lives with her three children but needs help from her adult daughter to perform various household chores. AR 563. Plaintiff explained she avoids crowds because she finds them overwhelming. AR 562–63.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In

assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

Here, the ALJ discounted plaintiff's testimony, finding that while her "medically determinable impairments could reasonably be expected to cause" her alleged symptoms, plaintiff's statements "concerning the intensity, persistence and limiting effects" of her symptoms are not "entirely consistent with the medical evidence and other evidence in the record." AR 629.

1.   Physical Symptoms

First, the ALJ discounted plaintiff's testimony regarding her lower back pain and limitations in standing, walking, sitting, lifting, and carrying because of its inconsistency with objective medical evidence, particularly plaintiff's physical examinations and musculoskeletal examinations. AR 629. The evidence cited by the ALJ shows plaintiff had normal gait and normal range of motion. AR 283, 380, 501, 1147, 1196–1198, 1217, 1223, 1228, 1233–35, 1241–42, 1277, 1282, 1291, 1296. But plaintiff's ability to ambulate normally during her appointments does not necessarily undermine plaintiff's statements regarding how her symptoms hinder the use of her hands and prevents her

from walking for more than a mile, therefore in discounting this part of plaintiff's testimony, the ALJ erred.

The ALJ also discounted plaintiff's testimony because of reported improvements from physical therapy and injections. AR 630. Impairments that can be controlled effectively with treatment are not disabling for the purpose of determining disability benefits. *See also Warre ex rel. E.T. IV v. Comm' r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Substantial evidence supports the ALJ's finding.

The record shows that during a May 2020 appointment, plaintiff was recommended to participate in a cervical spine rehabilitation program to decrease her pain and improve her functionalities. AR 1371. The record also shows plaintiff tolerated the program well and she continuously reported improvement. AR 1376, 1377 (showing less rotational restriction, 1379 (reporting slight improvement in spine stiffness, improved cervical rotation), 1384, (nearly full cervical range of motion), 1386 (cervical rotation maintain and pain reduced), 1398 ("overall states she feels better and better each week"), 1404, 1406 ("feeling overall improvement"). By September 2020, plaintiff was discharged from the program and was able to continue with the exercises at home. AR 1415.

The record also shows plaintiff was administered injections in October 2020 and it led to "significant improvement." AR 1423. Her physical exam revealed normal strength in her bilateral upper extremities. *Id*. She returned in February 2021, and reported improvement in neck pain, though she experienced some symptoms from time to time. AR 1428. The evidence cited by the ALJ shows plaintiff's physical symptoms improved significantly. The "ALJ's rationale is clear enough that it has the power to

convince," therefore the ALJ did not err in discounting plaintiff's testimony. *Smartt*, 53
F.4th at 499.

The ALJ also found plaintiff's testimony inconsistent with her activities, including
walking, caretaking of her children, and general household managing. AR 629–30. An
ALJ may discount a claimant's symptom testimony when it is inconsistent with the
claimant's general activity level. *See Molina v. Astrue*, 674 F.3d 1104, 1112–13 (9th Cir.
2012); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Here, the ALJ
pointed to plaintiff's ability to walk eight miles to prepare climbing Mount St. Helens and
ability to walk five miles in the mall in September 2020, and plaintiff's ability to walk 20
miles within a week in August 2021. AR 629–30.

Plaintiff's ability to walk long distances in 2020 is a direct contradiction of her
statement during the hearing that she could walk for only one to three miles around that
time. *See* AR 564, 896.

Similarly, that plaintiff could walk 20 miles within a week in 2021 contradicts her
statement during the hearing that she could not walk for more than a mile. *See* AR 565.
Therefore, in discounting plaintiff's testimony based on her walking activities, the ALJ
did not err. The ALJ also pointed to plaintiff's ability to care for her children and perform
other household chores. AR 630. However, the Court cannot say plaintiff's ability to do
these activities are valid reasons to discount plaintiff's testimony; plaintiff testified she
was able to perform such activities, albeit with help from her daughter. *See* AR 556–58.
Further, at most, these activities reflect the basic elements of living a normal life, and do
not supply a reasonable basis for discrediting plaintiff. *See Vertigan v. Halter*, 260 F.3d
1044, 1050 (9th Cir. 2001).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The ALJ provided at least one valid reason to discount plaintiff's testimony regarding – in this case, two valid reasons, her physical symptoms improved relating to walking, and beneficial treatment for her spinal condition – and any other reasons offered by the ALJ found erroneous by the Court are deemed harmless. *See Carmickle v. Commissioner, Social Sec. Admin.,* 533 F.3d 1155, 1162–1163 (9th Cir. 2008).

2.   Mental Health Symptoms

The ALJ also discounted plaintiff's testimony regarding her mental health condition because it was consistent with plaintiff's improvement from treatment. AR 630–31. Evidence that medical treatment helped a claimant "'return to a level of function close to the level of function they had before they developed symptoms or signs of their mental disorders' . . . can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 (2014)). The evidence cited by the ALJ shows plaintiff was continuously found to have made "some progress" while she was engaged in therapy and her mental status examination results (including her mood, affect, concentration, and memory) were mostly normal. *See* AR 319, 796–993, 1009, 1024, 1026, 1029, 1076, 1104, 1147. The record shows plaintiff was going out and interacting with others more. AR 1026, 1029.

However, the record also shows plaintiff sought more help for her trauma outside of outpatient counseling: even though she expressed insecurities (in December 2019 during an appointment with her therapist) about the proposal to seek residential care for complex PTSD symptoms (AR 840), plaintiff resided in a psychiatric residential treatment facility during March 2020. AR 783–799. She was found to be at risk of

1    deterioration. AR 788. They were unable to obtain her medications, and because of this,

2    she left the facility. AR 783.

3          Plaintiff reported having difficulties with physical therapy, and avoided

4    gynecological appointments as well as physical therapy because it brought back

5    memories of domestic violence. *See* AR 854, 888. Plaintiff's overall mental health

6    record supports her statements regarding her symptoms. Additionally, "[t]hat a person

7    who suffers from severe [symptoms] makes some improvement does not mean that the

8    person's impairments no longer seriously affect her ability to function in a workplace."

9    *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). There is not substantial

10   evidence that plaintiff's improvement reached such a point that she would have an

11   ability to work full-time. Therefore, in discounting plaintiff's testimony regarding her

12   mental health symptoms, the ALJ erred.

13         In sum, while the ALJ provided at least one valid reason to discount plaintiff's

14   testimony regarding her physical symptoms, the ALJ failed to do so in discounting

15   plaintiff's testimony regarding her mental health symptoms.

16     B.  Whether the ALJ Erred in Evaluating Medical Opinion Evidence

17         Plaintiff contends the ALJ erred in discounting the medical opinion of Dr. Kris

18   Hallenburg. Dkt. 10, at 13–18.

19         Dr. Hallenburg completed a psychological evaluation of plaintiff in August 2018

20   and opined plaintiff's PTSD symptoms "may interrupt a normal workweek and her ability

21   to maintain regular attendance, which would also be affected by her depression." AR

22   376. She further opined plaintiff "would not be able to deal with the usual stress in full

23   time workplace positions." AR 377.

24

25
                                        8

Plaintiff filed her application after March 27, 2017. AR 71, 84. For applications filed after March 27, 2017, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 416.920c(b)(2). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. § 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

The ALJ discounted Dr. Hallenburg's opinion based on: (1) inconsistencies with her own findings (2) inconsistencies with plaintiff's therapy records, and (3) inconsistencies with objective medical evidence. As stated, the ALJ must consider a whether a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. § 416.920c(c)(2). In this case, none of the ALJ's findings are supported by substantial evidence.

First, the ALJ explained Dr. Hallenburg's opinion was inconsistent with her own observations that plaintiff was appropriately attired, made good eye contact, and acted cooperatively throughout her examination. AR 633 (citing AR 375). But plaintiff's general appearance at the time of her appointment does not directly contradict Dr. Hallenburg's opinion regarding plaintiff's inability to maintain work attendance and deal with workplace situations. It is entirely possible that plaintiff can appear to be appropriate on the surface for an examination, while symptoms of her conditions would cause

limitations that render her unable to work full-time. As plaintiff stated during her

evaluation with Dr. Hallenburg, "I went numb about two years ago and I don't feel my

feelings, but I know they're there. I put on a good front but I'm not doing well." The Court

finds no inconsistency between Dr. Hallenburg's opinion and her notations about

plaintiff's general appearance, therefore the ALJ erred in discounting her opinion for this

reason.

Second, the ALJ stated Dr. Hallenburg's opinion was inconsistent with plaintiff's

medical record showing she declined to take medication for her mental symptoms. AR

634 (citing AR 793). The ALJ correctly points out that plaintiff stated that she did not

want to take medication and did not think they would help, but the record cited by the

ALJ also stated plaintiff's medication "should be on its way" and her treating sources

would look into whether they could expedite it. *See* AR 793. Dr. Hallenburg's notes also

show that plaintiff was taking medication for her severe panic attacks. AR 372.

The ALJ also stated Dr. Hallenburg did not consider plaintiff's improvement from

her mental health counseling. AR 634 (citing AR 796, 824, 826, 862, 887, 918, 940,

982, 987–89, 992). But during Dr. Hallenburg's evaluation, she noted in several

instances that plaintiff was accessing therapy and medication, and observed that

despite plaintiff's statement that her treatments have been helping, plaintiff still had

"limited control" over her PTSD reactions and depression. AR 376. The PTSD, plaintiff

explained to Dr. Hallenburg, was a result of having been raped as a teenager (she left

ninth grade due to pregnancy); she also told Dr. Hallenburg about years (starting in

2007) of physical and emotional abuse by the father of three of her children (her former

spouse), including being stalked, continually raped, physically and emotionally abused,

and choked in 2015 on her birthday which caused her to stop wanting to live. AR 372–375.

Further, Dr. Hallenburg completed her evaluation in August 2018, while the therapy notes the ALJ cited stem from October 2019 to August 2021. Dr. Hallenburg could not have considered treatment notes that were not yet in plaintiff's records. Thus, in discounting Dr. Hallenburg's opinion for these reasons, the ALJ erred.

Finally, the ALJ discounted Dr. Hallenburg's opinion after finding the opinion to be inconsistent with plaintiff's mental status examinations showing normal findings. AR 634 (citing AR 286, 319, 380, 400, 402, 1009, 1020, 1023–24, 1026–27, 1029–30, 1032–33, 1046–47, 1076, 1104, 1147). But plaintiff's presentations during her appointments — mostly for her physical symptoms — do not necessarily negate Dr. Hallenburg's opinion about how plaintiff's mental symptoms affect her ability to maintain attendance and handle workplace situations. Some of the treatment notes cited by the ALJ also show plaintiff was found to have anxiety. *See* AR 400, 1023–24, 1026–27, 1029–30, 1032–33, 1046–47. Further, as plaintiff points out, when this case was remanded in 2021, the AC found this reasoning erroneous for failing to explain how normal findings contradict Dr. Hallenburg's opinion. Dkt. 10, at 14–15; AR 612–12. A reasonable inference may be drawn that plaintiff tried to appear to be holding it together on the surface because she was taking care of her three children. See AR 373, 397-398, 408, 422, 424, 434. The ALJ's finding here still is not supported by substantial evidence, therefore in discounting Dr. Hallenburg's opinion for its inconsistency with plaintiff's mental status examinations results, the ALJ also erred.

C. Harmless Error

An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). In this case, the ALJ's errors were not harmless because a proper evaluation of plaintiff's testimony regarding her mental health symptoms and the medical opinion of Dr. Hallenburg could change the ALJ's RFC assessment and may affect the hypotheticals provided to the vocational expert.

D. Whether the ALJ's RFC Determination Was Supported by Substantial Evidence

Plaintiff contends the ALJ's RFC determination is not supported by substantial evidence for several reasons. Dkt. 10, at 2–10; AR 627.

First, plaintiff argues the ALJ's findings that she can "occasionally reach overhead bilaterally" and "frequently handle and finger bilaterally" are not supported by substantial evidence, considering plaintiff's limited use of her upper extremities. *See id*. Plaintiff also argues that in assessing this portion of plaintiff's RFC, the ALJ failed to comply with the narrative discussion requirements of Social Security Ruling ("SSR") 96-8p. Dkt. 10, at 9–10.

The ALJ's determination of plaintiff's RFC must be affirmed so long as the ALJ applied the proper legal standard and there is substantial evidence to support the ALJ's decision. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Here, the Court has found that the ALJ properly discounted plaintiff's testimony regarding her physical symptoms. *See supra* Section IV.A.1, Therefore, the Court cannot say the ALJ erred with the assessment of the portion of plaintiff's RFC concerning her physical symptoms. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (finding no reason to

1   include a claimant's testimony in the hypothetical to the VE because the ALJ found the

2   claimant lacked credibility).

3          The Court also cannot say the ALJ failed to follow SSR 96-8p. The ruling states

4   the "RFC assessment must include a narrative discussion describing how the evidence

5   supports each conclusion" by objective medical evidence and nonmedical evidence,

6   including daily activities. *See* SSR 96-8p. The ALJ did so here by properly discounting

7   plaintiff's physical symptoms based on her medical records showing she improved from

8   therapy and injections, and her activities including walking long distances. *See* AR 627–

9   29.

10         Second, plaintiff contends the ALJ's assessment that plaintiff could perform "light

11  work" is erroneous when compared to the ALJ's previous decision. Dkt. 10, at 11.

12  Specifically, plaintiff points out that in 2019, the ALJ similarly determined plaintiff would

13  be limited to "light work" after having found at step two that she suffered from the severe

14  impairment of "lumbar spine condition." *Id*.; AR 17. In the ALJ's current decision, the

15  ALJ found plaintiff suffered from both the severe impairments of lumbar spine condition

16  as well as "cervical spine condition." *Id.*; AR 623. Plaintiff therefore argues the ALJ

17  should have reduced her limitation to perform light work, given that the ALJ found an

18  additional severe physical impairment. *See id*.

19         But that the ALJ found plaintiff had an additional "severe" impairment at step two

20  does not, by itself, require the ALJ to include greater or lesser restrictions to plaintiff's

21  RFC. Step two of the sequential evaluation process is "merely a threshold determination

22  meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir.

23  2017) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146–47 (1987)). It "is not meant to

24

25
                                            13

identify the impairments that should be taken into account when determining the RFC." *Buck*, 869 F.3d at 1048–49. In assessing the RFC, the ALJ must consider the limiting effects of all of the claimant's impairments, including those that are not severe. 20 C.F.R. § 416.945(e); SSR 96-8p. An ALJ must assess all the evidence including a claimant's testimony and medical reports to determine what capacity a claimant has for work despite his or her impairments. 20 C.F.R. § 416.945(a).

Here, in assessing plaintiff's RFC, the ALJ considered plaintiff's testimony and the medical evidence. AR 627–34. While the Court found the ALJ's evaluation of plaintiff's testimony regarding physical symptoms to be proper, the Court found the ALJ did not properly evaluate the medical evidence regarding plaintiff's mental health symptoms. *See supra* Section IV.B.

This error, not the ALJ's finding of an additional severe impairment at step two, necessitates the reassessment of plaintiff's RFC. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (an ALJ provides an incomplete RFC determination when the ALJ properly ignores and discounts "significant and probative evidence in the record favorable to [the claimant's] position"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"); SSR 96-8p (an RFC "must always consider and address medical source opinions").

The Court, therefore, agrees with plaintiff that the Commissioner's decision must be reversed and this matter remanded for further administrative proceedings. *See* Dkt. 10, at 18. The Court has found legal error – there is not substantial evidence to support the ALJ's decision finding that Dr. Hallenburg's opinion was unpersuasive. *See*

1    *generally, Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2016) (When reviewing

2    whether to remand for a new hearing, or to award benefits, the district court must

3    determine whether legal error occurred, and whether the record has been fully

4    developed). In this situation, there is ambiguity in the record with respect to the date of

5    onset of work-related limitations from plaintiff's mental health conditions; the ALJ would

6    need to review the record and medical evidence to make such a determination. The

7    Court may not remand for an award of benefits unless a remand for further

8    administrative proceedings "would serve no useful purpose." *Burrell v. Colvin,* 775 F.3d

9    1133, 1141 (9th Cir. 2014).

10          On remand, the ALJ is directed to reassess Dr. Hallenburg's opinion, reassess

11   plaintiff's RFC, and conduct the five-step review process.. Plaintiff shall be allowed to

12   present additional evidence in a de novo hearing, to determine whether plaintiff meets

13   the criteria for disability regarding her mental health conditions, the mental health

14   symptoms, limitations, and any drug side effects.

15                                        CONCLUSION

16          Based on the foregoing discussion, the Court concludes the ALJ improperly

17   determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and

18   remanded for further administrative proceedings.

19          Dated this 4th day of May, 2023.

20                                                     *Theresa L. Fricke*
21                                                     _____
22                                                     Theresa L. Fricke
                                                       United States Magistrate Judge
23

24

25